**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
Civil action No. _____

---

SINOTE IBRAHIM & MARCELLE IBRAHIM; and BAHIG
BISHAY in the capacity of Private Attorney General at the behest of
similarly situated citizens of the United States, authorized as such
through the authority vested in him by the U.S. Congress under 18
U.S.C. §§1961-1968, appearing herein as Rule 20 *Joinder*,
Plaintiffs,

v.

TOWN OF WALPOLE; JAMES JOHNSON, solely in individual capacity;
MARK GALLIVAN, solely in individual capacity; BENJAMIN BARRETT,
solely in individual capacity; JAMES O'NEIL, solely in individual capacity;
GLENN MAFFEI, solely in individual capacity; ALLYSON HAMILTON, solely
in individual capacity; LISA SINKUS, solely in individual capacity; and
JEFFREY BLAKE, solely in individual capacity,
Defendants.

---

**VERIFIED COMPLAINT FOR FRAUD; CIVIL CONSPIRACY;
VIOLATIONS OF CIVIL / CONSTITUTIONAL RIGHTS UNDER,
*INTER ALIA*, 42 U.S.C. §§ 1983 & 1985(3); VIOLATION OF THE
TAKING CLAUSE WITHIN THE *FIFTH AMENDMENT* TO THE
U.S. CONSTITUTION; FOR DECLARATORY & MONETARY
RELIEF; and DEMAND FOR TRIAL BY JURY**

### Introduction

The within action names, as defendant(s), a Massachusetts municipality and eight (8) individuals referred to as the "actors" who, together, deliberately conspired and carried out violations of the United States' and Massachusetts' Constitutions, relief for which is available under, *inter alia*, 42 U.S.C., §§ 1983 & 1985(3); the *Fifth* and *Fourteenth* Amendments to the U.S. Constitution and Articles I, V, X, and XI of Massachusetts' Constitution.

The plaintiffs aver that, despite the clarity of the declaratory ruling published by the U.S. Supreme Court in May 2023 in <u>*Tyler v. Hennepin County*</u>, consistent with constitutional protections, including the *taking clause* set forth in the *Fifth* Amendment and the due process guaranties set forth in the *Fifth* and the *Fourteenth* Amendments to the U.S. Constitution; and whereas the defendants are sophisticated and presumed adequately familiar with said declaratory ruling, the defendants adamantly refused to return to the plaintiffs their "equity" in the land the defendants took from the plaintiffs for the limited purpose of collecting outstanding real estate taxes and not to divest the plaintiffs of their remaining equity without the due process of law, as this federal tribunal determined in <u>*Davenport*</u>. *Infra*.

In so adamantly refusing to return to the plaintiffs their equity *** **above and beyond the real estate taxes owed** *** the defendants' presumed familiarity with the U.S. Supreme Court's 2023 declaratory ruling included the following specific determination:

> ***"The taxpayer must render unto Caesar what is Caesar's, but no more."***

The defendants are also presumed amply familiar with Massachusetts Superior Court's 2024 ruling in *Ashley M. Mills v. City of Springfield, and another*, consistent with the U.S. Supreme Court's 2023 declaratory determination in *Tyler v. Hennepin* (*supra*), where said state court held, in Civil Action No. 2379CV00545, as follows:

> ***"The statutory scheme is not facially unconstitutional because, of course, there are circumstances where the tax debt (including interest) exceeds or equals the value of the property. It is, however, unconstitutional as applied in circumstances, such as here, where the tax debt is less than the value of the property."***

The defendants are further presumed familiar with this federal tribunal's 2024 ruling in *Woodbridge v. The City of Greenfield*, Civil Action No. 23-30093-TSH, in furtherance of the U.S. Supreme Court's ruling in *Tyler v. Hennepin County* (*supra*), where this federal tribunal held that a failure to return any equity remaining in land to its owner, **above and beyond the actual taxes owed**, squarely violates *Article 10 of the Massachusetts Declaration of Rights and the Fifth Amendment to the United States Constitution*.

The defendants are further presumed familiar with this federal tribunal's 2024 ruling in *Davenport v. Town of Reading*, Civil Action No. 22-12239-RGS, which was broadcasted by Massachusetts' News Agencies in early 2025, where this court ruled that the so-called **"EQUITY THEFT"** *** perpetrated by Massachusetts' cities, towns and/or other municipalities *** is unlawful and unjust under state and federal law; and that refusal to return to the property owner his/her equity **upon demand**[1] is deemed the triggering event giving rise to a lawful cause of action to recover said remaining equity, as follows:

> The court concludes that Davenport holds the winning card on this issue. His claim is not that the Town violated the *Fifth* Amendment by seizing the Property. To the contrary, Davenport concedes that the Town had a right to obtain absolute title to the Property and sell it. **His claim instead is premised on the Town divesting him of his interest in the "money remaining" after satisfaction of his tax debt – an interest which, under *Tyler*, remains even after a municipality obtains absolute title to property – without due process of law. *Tyler*, 598 U.S. at 638; cf. *United States v. Lawton*, 110 U.S. 146, 150 (1884) (property owner had a claim to "the surplus money arising on the original sale") (emphasis added). That deprivation only occurred in January of 2023, when, having sold the Property, the Town refused to convey any surplus funds to Davenport.** [Bold and underlined text is provided for emphasis]

---

[1] The plaintiffs made their [final] demand on the defendants on March 25, 2025. *Infra*.

2

Notwithstanding the clarity of the foregoing, as recent as May 23, 2025, the defendants refused to return to the plaintiffs their equity in the land subject to this action. *Infra*.

## Jurisdiction

1. Jurisdiction is conferred upon this U.S. District Court under the *Fifth* and the *Fourteenth* Amendments, Article III, §§ 1 and 2 of the U.S. Constitution; 28 U.S.C. §§ 1331, 1361, 1391(b), 1651(a), and 2201, *et seq.*; and 42 U.S.C. § 1983 & §1985, as part of the *Civil Rights Act* of 1871.

2. This court also has original subject-matter jurisdiction pursuant to 18 U.S.C. §1964(c) because this action arises, in part, under the *Federal Racketeer Influenced and Corrupt Organizations Act* ("Federal RICO").

3. This court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding statutory interest and costs, and based on the federal questions presented herein pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 1983, as part of the *Civil Rights Act* of 1871.

4. Because claims brought under 42 U.S.C. §§ 1983 and 1985(3) are ***not*** subject to a statute of limitations, federal courts rely on state law, and in the within matter Massachusetts' statutes, specifically those which deal with the ***fraudulent transfer of land***, which is the case here because the defendants took the parcel of land at issue without making a single payment to the plaintiffs, the land owners. Therefore, the twenty (20) year statutory tolling for equitable remedies is available in this action, as defined in M.G.L. Ch. 185 § 1(k); M.G.L. Ch. 235 § 42; M.G.L. Ch. 237 §§ 21 & 22; and M.G.L. Ch. 260 § 21 which states as follows:

   *"An action for the recovery of land shall be commenced, or an entry made thereon, only within twenty years after the right of action or of entry first accrued, or within twenty years after the demandant or the person making the entry, or those under whom they claim, have been seized or possessed of the premises; provided, however, that this section shall not bar an action by or on behalf of a nonprofit land conservation corporation or trust for the recovery of land or interests in land held for conservation, parks, recreation, water protection or wildlife protection purposes."*

5. Similar to Sections 1983 & 1985(3) claims, the *Massachusetts Conveyance Act* does not contain a period of limitation provision either. Therefore, Massachusetts courts apply the **"*period of limitation applicable to the underlying claim*.**" See <u>Mosley v. Briggs Realty, Co.</u>, 320 Mass. 278, 285 (1946); *Foster v. Evans*, 384 Mass. 687, 697 (1981). In <u>Foster v. Evans</u>, a creditor sought to reach property that was alleged to have been fraudulently conveyed by a judgment debtor and to apply that property toward satisfaction of a superior court judgment. There, Massachusetts Supreme Judicial Court applied the twenty (20) year period of limitation applicable to actions on judgments, as reflected in <u>Foster v. Evans</u>. *Supra*.

3

6.     Similarly, in *Adams v. Adams*, 601 F.3d 1 (1st Cir. 2010), the First Circuit held:

> ***"Because the Note was executed 'under seal,' at the time of its execution under Massachusetts law (if applicable), a twenty-year statute of limitations for contracts under seal would apply. See Mass. Gen. Laws ch. 260, § 1."***

7.     In addition to the foregoing, on October 15, 2024, in <u>Davenport v. Town of Reading</u> (*supra*), this federal court ruled as follows:

> ***"His claim instead is premised on the Town divesting him of his interest in the "money remaining" after satisfaction of his tax debt – an interest which, under <u>Tyler</u>, remains even after a municipality obtains absolute title to property – <u>without due process of law</u>. <u>Tyler</u>, 598 U.S. at 638; cf. <u>United States v. Lawton</u>, 110 U.S. 146, 150 (1884) (property owner had a claim to "the surplus money arising on the original sale") (emphasis added). <u>That deprivation only occurred in January of 2023, when, having sold the Property, the Town refused to convey any surplus funds to Davenport</u>.***" [Bold, italic and underlined text is provided]

## Venue

8.     Venue is properly laid upon this Court pursuant to 28 U.S.C. § 1391(b), *et seq.*.

## Statutory Authority

9.     The plaintiffs bring the within action under Title 42 U.S.C. §§ 1983[2] and 1985(3)[3], for

---

[2] Under 42 U.S.C. § 1983, the "actors" named in such actions are defined as:

> ***"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."***

See <u>Knick v. Twp. of Scott</u>, U.S. Sup. Ct. (2019). Moreover, U.S. District Courts are authorized by the U.S. Congress to hear and adjudicate claims presented under 42 U.S.C. § 1983, in the said action the plaintiffs' [c]onstitutional claim averring that said "actors" deliberately violated their [c]onstitutional rights, under color of law, as the U.S. Sup. Ct. so held in <u>Pierson</u> v. <u>Ray</u>, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); <u>Seminole Tribe Florida v. Florida</u>, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), where the Court determined, to wit: ***"This Court has found authority to abrogate under only two constitutional provisions: the Fourteenth Amendment..."***, citing <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614; and the Supreme Court of Alabama in <u>Bahakel v. Tate</u>, 503 So. 2d 837 (Ala. 1987).

[3] 42 U.S.C. § 1985(3) states, in the relevant part, to wit:

4

violations of civil rights protected under the *Fifth* and the *Fourteenth* Amendments to the U.S. Constitution; and Articles I, V, X, XI, XII, and XV of Massachusetts' Constitution, including, specifically, the *<u>taking clause</u>* set forth in the *Fifth Amendment* to the U.S. Constitution, to recover their equity in land the defendants took and kept for themselves in toto, by divesting the plaintiffs of their remaining equity without due process of law, which is the difference between the outstanding real estate taxes at the time of the taking and the market value of the land based on the records produced by the defendants, which with applicable statutory interest, penalties, and federal restitutions, exceeds $1,000,000.

## Parties

10. Plaintiff Sinote Ibrahim is an individual, citizen of the United States, former owner of the parcel of land at issue, with a last and usual address at 84 Wilson Road, Bedford, MA 01730.

11. Plaintiff Marcelle Ibrahim is an individual, citizen of the United States, former owner of the parcel of land at issue, with a last and usual address at 84 Wilson Road, Bedford, MA 01730.

12. Plaintiff-Joinder Bahig Bishay is an individual, citizen of the United States and joins the within action under Rule 20 of the *Federal Rules of Civil Procedure*, (a)(1)(B) and (3) in individual capacity and Private Attorney General acting at the behest of similarly situated citizens of the United States, including himself and the above referenced Plaintiffs, as the below factual history reflects, pursuant to the authority vested in him by the United States Congress under 18 U.S.C. §§1961-1968, with a last and usual mailing address at P.O. Box 396, Norwood, Massachusetts, and incorporates herewith by reference under Rule 10(c) of the *Federal Rules of Civil Procedure,* all documents submitted in Civil Docket No. 1:25-mc-91085, (hereinafter "PAG-Bishay").

---

*"If two or more persons in any State or Territory conspire… for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws… or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws… or to injure any citizen in person or property… in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."*

Here, the plaintiffs expect the defendants to either return to the plaintiffs their equity plus the applicable statutory interest from their coffers, or cause their professional and/or liability insurers to make such payments directly to the plaintiffs.

13. Defendant TOWN OF WALPOLE (hereinafter "Walpole"), on information and belief, is a municipal enterprise incorporated in Massachusetts in 1724, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

14. Defendant JAMES JOHNSON is an individual employed by defendant Walpole, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

15. Defendant LISA SINKUS is an individual employed by defendant Walpole, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

16. Defendant MARK GALLIVAN is an individual and, on information and belief, was authorized to act on behalf of defendant Walpole at all relevant times, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

17. Defendant BENJAMIN BARRETT is an individual and, on information and belief, was authorized to act on behalf of defendant Walpole at all relevant times, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

18. Defendant JAMES O'NEIL is an individual and, on information and belief, was authorized to act on behalf of defendant Walpole at all relevant times, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

19. Defendant GLENN MAFFEI is an individual and, on information and belief, was authorized to act on behalf of defendant Walpole at all relevant times, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

20. Defendant ALLYSON HAMILTON is an individual and, on information and belief, was authorized to act on behalf of defendant Walpole at all relevant times, with a last and usual business address at 135 School Street, Walpole, Massachusetts.

21. Defendant JEFFREY BLAKE is an individual and, based on statements made by him, BLAKE was hired by defendant Walpole to act on defendant Walpole's behalf in the capacity of agent and/or representative, with a last and usual business address at 101 Arch Street, Boston, Massachusetts.

## Salient Facts

22. Plaintiffs Sinote & Marcelle Ibrahim (hereinafter the "Ibrahims" or the "Land-Owners", interchangeably) were the title owners of a certain parcel of land located in the Town of Walpole, Massachusetts, identified as 271 Moose Hill Road, Map 36 Lot 57, Walpole, MA, (hereinafter the "Property").

23. For decades the Ibrahims paid Walpole (collectively including individuals employed by or acting on behalf of Walpole, hereinafter the "Walpole Enterprise") real estate taxes assessed by the Walpole Enterprise, based on the Property's value determined by the Walpole Enterprise during all times relevant to this matter.

24. At some point in time, for reasons not relevant here, the Ibrahims made no further real estate tax payments to the Walpole Enterprise, whereupon the Walpole Enterprise recorded an Instrument of Taking for non-payment of taxes for Fiscal year 1998 taxes, followed by the filing of a Complaint in Massachusetts Land Court in July 2001, in Tax Lien Case No. 01 TL 12547.

25. On June 12, 2006, defendant Walpole foreclosed the Ibrahim's right to redeem the Property.

26. On August 6, 2020, defendant Walpole sold the Property to Brazza Realty LLC for the sum of $200,000 (Two Hundred Thousand Dollars), and shortly thereafter, specifically on May 6, 2021, the Property was re-sold to Corra Construction & Devel for the sum of $300,000 (Three Hundred Thousand Dollars).

27. Defendant Walpole failed to return to the Land-Owners their remaining equity in the Property, above and beyond the taxes owed, interest owed and actual cost associated with the sale of the Property, if any. Hereinafter, ***The First Predicate Act.***

28. In May 2023, pursuant to the protections and remedies enshrined in the *taking clause* within the *Fifth* Amendment, and the *due process* protection set forth in the *Fifth* and the *Fourteenth* Amendments to the U.S. Constitution[4], the U.S. Supreme Court declared that towns, counties, cities, states and municipalities were not entitled to retain a property owner's equity *** above and beyond the real estate taxes owed at the time of the taking of the property for the limited purpose of satisfying outstanding real estate taxes *** and that said equity should have been returned forthwith to the property owner.

29. In summarizing its declaratory ruling in *Tyler v. Hennepin County*, the U.S. Supreme Court published: ***The taxpayer must render unto Caesar what is Caesar's, but no more.***

30. On June 21, 2023, pursuant to the U.S. Supreme Court's declaratory ruling (*supra*), the Ibrahims authorized PAG-Bishay to make demand on the Walpole Enterprise for the return of the Land-Owners' equity in the Property. Hereinafter, **The First Constitutional Demand**, true and accurate copy of which is appended hereto in **Tab-A**.

31. In support of The First Constitutional Demand, on behalf of the Land-Owners, PAG-Bishay provided the Walpole Enterprise the below listed documents, true and accurate copy of which are appended hereto in **Tab-B**:

    a. Supreme Court of the United States' declaratory ruling, dated May 25, 2023.
    b. Public Record Request Form.
    c. Walpole Enterprise's Land Valuation record.
    d. Instrument of Taking.
    e. Judgment in Tax Lien Case.
    f. Letter signed by Defendant James Johnson, dated June 15, 2020.

---

[4] The ***taking clause*** set forth in the *Fifth Amendment* to the U.S. Constitution; Articles I, V, X, XI, XII, and XV of Massachusetts' Constitution mirror said federal protections and remedies.

7

      g. Walpole's letter dated March 28, 2013.
      h. Walpole's 271 Moose Hill Road record.
      i. Walpole's Moose Hill Auction Proceeds record.
      j. Defendant Lisa Sinkus's letter addressed to PAG-Bishay, dated July 27, 2023.
      k. Walpole Tax Possession Auction Notice.
      l. Walpole's Notice of Public Auction for the Sale of Tax Possession.
      m. Defendant James Johnson's letter addressed to the Ibrahims, dated June 15, 2020.

32. On August 8, 2023, on behalf of the Walpole Enterprise, defendant Jeffrey Blake informed PAG-Bishay, via Electronic and First Class Mail, that the Walpole Enterprise was [un]willing to return any money to the Land-Owners. Hereinafter, ***The Second Predicate Act***, true and accurate copy of which is appended hereto in **Tab-C**.

33. On August 8, 2023, on behalf of the Land-Owners, via Electronic Mail, PAG-Bishay renewed the Land-Owners' demand, true and accurate copy of which is appended hereto in **Tab-D**.

34. The Walpole Enterprise failed to respond to the Land-Owners' Renewed Constitutional Demand. Hereinafter, ***The Third Predicate Act***.

35. On July 1, 2024, on behalf of the Land-Owners, PAG-Bishay served on the Walpole Enterprise, via Certified Mail, the Land-Owners' Second Constitutional Demand for the Immediate Return of the Land-Owners' Equity in the Property. Hereinafter, **The Second Constitutional Demand**, true and accurate copy of which is appended hereto in **Tab-E**.

36. The Walpole Enterprise failed to respond to the Land-Owners' Second Constitutional Demand. Hereinafter, ***The Fourth Predicate Act***.

37. On October 14, 2024, on behalf of the Land-Owners, PAG-Bishay served on the Walpole Enterprise, via Certified Mail, the Land-Owners' Third Constitutional Demand for the Immediate Return of the Land-Owners' Equity in the Property. Hereinafter, **The Third Constitutional Demand**, true and accurate copy of which is appended hereto in **Tab-F**.

38. The Walpole Enterprise failed to respond to The Land-Owners' Third Constitutional Demand. Hereinafter, ***The Fifth Predicate Act***.

39. On May 24, 2025, the Land-Owners served on the Walpole Enterprise, via Certified Mail, the last and final ***CONSTITUTIONAL DEMAND FOR THE IMMEDIATE RETURN OF LAND-OWNERS' EQUITY***. Hereinafter, **The Fourth Constitutional Demand**, true and accurate copy of which is appended hereto in **Tab-G**.

40. On May 23, 2025, on behalf of the Walpole Enterprise, defendant Jeffrey Blake informed the Land-Owners that the Walpole Enterprise was ***not*** required to return any money to the Land-Owners in the form of equity in the Property, purporting that under a certain [state] law the Land-Owners' claim for the return of their equity was time-barred. Hereinafter, ***The Sixth Predicate Act***, true and accurate copy of which is appended hereto in **Tab-H**.

41. On May 28, 2025, via Electronic Mail on behalf of the Land-Owners, PAG-Bishay informed defendant Jeffery Blake that his reliance on a certain [state] law to justify the Walpole Enterprise' unlawful refusal to return the Land-Owners' equity in the Property was inconsistent with the governing authorities repeatedly cited, true and accurate copy of which is appended hereto in **Tab-I**.

42. The Walpole Enterprise failed to respond to The Land-Owners' Renewed Constitutional Demand.  Hereinafter, ***The seventh Predicate Act***.

## The Relief Sought

**WHEREFORE**, based on the foregoing, repeating and realleging ¶¶ 1 through 42 as if restated in their entirety; as well as the factual allegations chronicled above; and the legal authorities referenced above concerning said civil-rights and constitutional violations, the Land-Owners respectfully move this Honorable Court to grant the following relief:

**Count-I**, declare that the defendants named in the caption of this complaint conspired to and successfully carried out civil-rights and constitutional violations, state and federal;

**Count-II**, declare that when the defendants named in the caption of this complaint conspired to and successfully carried out said civil-rights and constitutional violations, state and federal, they did so negligently;

**Count-III**, declare that when the defendants named in the caption of this complaint conspired to and successfully carried out said civil-rights and constitutional violations, state and federal, they did so intentionally;

**Count-IV**, declare that when the defendants named in the caption of this complaint conspired to and successfully carried out said civil-rights and constitutional violations, state and federal, they did so fraudulently;

**Count-V**, declare that when the defendants named in the caption of this complaint conspired to and successfully carried out said civil-rights and constitutional violations, state and federal, they intended to cause the plaintiffs financial harm and in fact caused the plaintiffs financial harm;

**Count-VI**, declare that, based on the clarity of the [c]onstitutional guaranties referenced in this complaint, state and federal, the defendants named in the caption of this complaint negligently, intentionally and fraudulently engaged in RICO violations by utilizing U.S. Mail and Electronic Mail regulated by the FCC to defraud the plaintiffs of monetary damages described above, and that the defendants engaged in Mail & Wire Fraud within the standards set forth in 18 U.S.C. §§ 1341 and 1343, from 2020 through 2025;

**Count-VII**, declare that the defendants named in this complaint engaged in RICO violations by conspiring among themselves to defraud the plaintiffs of their equity in the Property amounts described above, as defined in the *Racketeer Influenced and Corrupt*

*Organizations Act* (18 U.S.C. § 1964(c)) ("Federal RICO")[5], by carrying out the [c]onstitutional violations referenced above and engaging in Mail and Wire Fraud, from 2020 through 2025;

**Count-VIII**, declare that the plaintiffs are entitled to the protections and the constitutional rights available to *every* citizen of the United States under the *taking clause* set forth in the *Fifth Amendment to the U.S. Constitution,* as well as the *Seventh* and the *Fourteenth*; 42 U.S.C. §§ 1983 and 1985(3), 28 U.S.C. § 1361; Articles I, V, X, XI, XII, and XV of Massachusetts' Constitution; the *Mandatory Restitution Act* of 1996, 18 U.S.C. §§ 3663A and 3664; and the *Restitution Process for Victims of Federal Crimes of money recovery* programs promulgated by the U.S. Department of Justice;

**Count-IX**, award the plaintiffs, pursuant to the *Fifth, Seventh* and the *Fourteenth* Amendments to the U.S. Constitution; 42 U.S.C. §§ 1983 and 1985(3), 28 U.S.C. § 1361; Articles I, V, X, XI, XII, and XV of Massachusetts' Constitution; the *Mandatory Restitution Act* of 1996, 18 U.S.C. §§ 3663A and 3664; and the *Restitution Process for Victims of Federal Crimes of money recovery* programs promulgated by the U.S. Department of Justice, the financial loss the plaintiffs sustained as a direct result of the unlawful activities described in this complaint, pursuant to the applicable federal laws and regulations (*supra*), the exact amount of which will be calculated as of the time a jury trial date is set; including *Exemplary Punitive Damages*, or another amount otherwise awarded by a jury; enhanced (treble) monetary damages pursuant to 18 U.S.C. § 1964(c); and statutory interest, litigation expenses and other out-of-pocket costs incurred; and

Grant any such other relief this Court deems just and/or appropriate.

**DEMAND FOR TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38(b) OF ALL ISSUES SO TRIABLE THAT ARE RAISED HEREIN OR WHICH HEREINAFTER MAY BE RAISED IN THIS ACTION**

Respectfully submitted by:

*Sinote Ibrahim*
Sinote Ibrahim, Plaintiff
84 Wilson Road
Bedford, MA 01730

---

[5] Federal RICO. 18 U.S.C. § 1964(c) allows *"any person injured in his business or property by reason of a violation of section 1962 of this chapter"* to *"sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee ...."*

18 U.S.C. § 1962(d) makes it *"unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."*

*Marcelle Ibrahim*
Marcelle Ibrahim, Plaintiff
84 Wilson Road
Bedford, MA 01730

*Bahig Bishay*
Bahig Bishay,
in the capacity of Private Attorney General at the behest of
similarly situated citizens of the United States, authorized as such
through the authority vested in him by the U.S. Congress under 18
U.S.C. §§1961-1968, appearing herein as Rule 20 *Joinder*
P.O. Box 396
Norwood, MA 02062
BFBishay@earthlink.net
(781) 551-0400

### Verification

We declare under the penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Signed this 9th day of June 2025, by:

*Sinote Ibrahim*
Sinote Ibrahim

*Marcelle Ibrahim*
Marcelle Ibrahim

*Bahig Bishay*
Bahig Bishay

### Rule 26.1 Statement

The plaintiffs named above are not a publicly held entity, thus no disclosure is required.